PETER COSTAKOS *vs.* BOVE CHEVROLET, INC.

DECEMBER 29, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

458

FLYNN, C. J. This action of assumpsit was brought by a former employee of the defendant corporation to recover an earned salary bonus which he alleged was loaned to the defendant for its business purposes. The latter filed a plea of the general issue and several amended special pleas, including a statement by way of set-off and counterclaim alleging certain indebtedness of the plaintiff to the defendant, to which replications were filed. The case was then tried in the superior court before a jury and resulted in a verdict for the plaintiff in the sum of $5,000 and another

verdict for the defendant on its plea in set-off and counter-claim in the sum of $1,398.20. Thereafter the trial justice denied the motion of each party for a new trial and the case is here on the bill of exceptions filed by each party to the denial thereof.

It is not seriously disputed that plaintiff, Peter Costakos, had been an employee and general manager of the defendant corporation; that in accordance with an agreement between him and Michael Bove, Jr., the president and owner of said corporation, a salary bonus had been earned by plaintiff during 1950; and that such bonus amounting to $5,000 was not paid until about March 29, 1951. The real controversy centers around what happened at the time of and immediately after such bonus was declared and paid. The plaintiff in general alleged and testified that this bonus was paid by defendant's check for $4,500 and a credit of $500 on plaintiff's drawing account; that at the request and on instructions of defendant's president such check was endorsed by plaintiff and returned to the defendant corporation as a loan to provide it with needed money for business purposes; and that defendant thereupon credited plaintiff with that amount on his drawing account. The plaintiff explained that subsequently he was building a house and needed $1,800; that defendant's bookkeeper issued a check to him in that amount; that in order to protect the bookkeeper, who had delivered the check in the absence of defendant's president, plaintiff gave her a promissory note payable to defendant; and that later, when she credited his $500 Christmas bonus on that note, it was canceled and he executed a new note to defendant in the sum of $1,300 to be substituted therefor.

The defendant owner, however, testified that plaintiff had promised to indemnify him for any loss up to $5,000 if he would advance that sum to plaintiff's brother for the purchase and operation of a night club in Pawtucket; that this amount of money was accordingly advanced; and that

subsequently the losses from the enterprise exceeded such amount. It is contended that because of this agreement and losses the plaintiff is not entitled to the $5,000 he had earned and further that he is still indebted to defendant in the amount of $1,398.20 which is the balance on an open account. Various bookkeeping records were introduced but the bookkeeper did not testify. Several persons who had been interested in the night club testified for plaintiff in an effort to show the nature of the transactions between him and defendant through its owner and between the latter and the night club. This included a showing that the defendant owner's son and a third person were also interested with plaintiff's brother in operating the club.

The trial justice, among other instructions, charged the jury that because of the conflicting evidence their verdict would ultimately rest largely on the credibility of plaintiff and defendant's owner. In that connection he explained in substance that they were not required to believe all that either had testified to and that, depending upon the jury's conclusion as to the credibility of these witnesses, a verdict conceivably could be returned entirely either for the plaintiff or for the defendant; or that they might return one verdict for plaintiff for $5,000, if they believed his testimony as to a loan of that amount to defendant for its business purposes, and another for defendant for $1,398.20 if they found that plaintiff's note and the open account on defendant's books were separate from the first so-called loan transaction. After consideration the jury returned two verdicts, one for plaintiff for $5,000 and the other for defendant on its plea in set-off in the amount of $1,398.20.

The defendant's bill of exceptions is to the denial of its motion for a new trial, but only in connection with the verdict for plaintiff in the sum of $5,000. It is based on the usual grounds that the verdict was against the law, the evidence, and the weight thereof, and also on alleged newly discovered evidence. However, the latter ground was not

supported by affidavit and is expressly waived by defendant. In support of its exception defendant argues that the trial justice did not perform his duty by independently·considering and weighing the evidence as is required in passing on a motion for a new trial, in accordance with the law set forth in *Barlik* v. *United Electric Rys.*, 60 R. I. 227. In the circumstances, therefore, it is claimed that we are called upon to review the transcript, as in the case of *Monacelli* v. *Hall*, 71 R. I. 55, in order to determine for ourselves whether the evidence *strongly* preponderates against this verdict, and if so to grant a new trial.

We have examined the decision of the trial justice denying defendant's motion for a new trial in connection with the verdict for plaintiff. While such decision was given from the bench, it does not appear to us that the trial justice failed to appreciate the law which required him to consider and pass independently on the evidence, as stated in *Barlik* v. *United Electric Rys.*, *supra*, and *Nichols* v. *New England Tel. & Tel. Co.*, 57 R. I. 180. In fact, in addition·to discussing some of the conflicting evidence and the conclusions reasonably to be drawn therefrom, he passed on the credibility of the witnesses in connection with the two principal transactions. It is true, as argued, that he pointed out considerations which would warrant the jury in reaching their verdicts, if certain testimony were believed. However, his decision is not confined to that conclusion. He went further and, based upon his previous discussion of the highly conflicting evidence and the credibility of the parties, he expressly concluded not only that the jury were warranted in reaching their verdicts but also that he would have reached the same decision on the evidence and credibility if he had been sitting without a jury. Taking the decision as a whole we cannot say that he misconceived the law as to his duty in passing independently on defendant's motion for a new trial. Nor can we say that he overlooked any material part

of the conflicting evidence or that his decision is clearly wrong. The defendant's exception is therefore overruled.

On the other hand, plaintiff's exception to the denial of his motion for a new trial in connection with the verdict for defendant for $1,398.20 under its plea in set-off is on the usual grounds. The argument, however, seems to be confined to a statement of certain parts of the evidence which favor plaintiff's version against that of defendant. From these instances he contends that the evidence preponderated in his favor so strongly that the trial justice erred in allowing the verdict for defendant to stand. In our judgment this view overlooks the other evidence which was not in his favor and which a jury and trial justice might have viewed differently, depending on their conclusions as to the credibility of the parties in connection with particular events. The jury was instructed, among other things, to the effect that they were not required to accept all the testimony of either party, and that they could reject all or part of such testimony if found to be incredible. In our judgment the evidence as to material issues is sharply conflicting, and some of the testimony can be singled out as favoring one party while other portions may favor the other party. In the circumstances we cannot say from the decision that the trial justice misconceived the law or the evidence in denying plaintiff's motion for a new trial.

In the absence of objection as to the form of the two verdicts, we are of the opinion that they amount in substance and effect to one verdict wherein the jury find that the defendant did promise in manner and form as the plaintiff has in his declaration thereof complained against it and, having considered and allowed the defendant's claim under its plea in set-off, assess damages for the plaintiff in the sum of $3,601.80.

The exceptions of both the plaintiff and the defendant are overruled, and the case is remitted to the superior court for entry of judgment on the verdict in favor of the plaintiff

as reduced by the verdict for the defendant under its plea in set-off.

BAKER, J., did not participate in the decision.

*Cornelius C. Moore, Salvatore L. Virgadamo,* for plaintiff.

*Hogan & Hogan, Edward T. Hogan,* for defendant.